IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YOLANDA SAUL, )
)
    Plaintiff/Counter-Defendant, )
)
)   No.:   08 C 569
v. )
)   Judge: John W. Darrah
MARTIN and DANIELLE )   Magistrate Judge: Arlander Keys
ZIMMERMAN, )
)
    Defendants/Counter-Plaintiffs. )

**DEFENDANTS/COUNTER-PLAINTIFFS'
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
TO PLAINTIFF/COUNTER-DEFENDANT'S COMPLAINT**

Defendants/Counter-Plaintiffs, Martin and Danielle Zimmerman ("Buyers"), by their attorneys, Davis McGrath LLC, and for their Answer, Affirmative Defenses and Counterclaim to Plaintiff/Counter-Defendant, Yolanda Saul's ("Seller"), Complaint state as follows:

**ANSWER**

**NATURE OF THE ACTION**

1. This action arises out of Buyers' breach of a residential real estate agreement entered into between Seller and Buyers on or about March 11, 2007.

**ANSWER:** Buyers admit that this action arises out of a residential real estate agreement entered into between Seller, as the beneficiary of Trust No. 1104125 pursuant to Trust Agreement dated 6/6/97 and which Chicago Title Land Trust Company formerly known as Chicago Trust Company was the trustee ("Trust No. 1104125"), and Buyers on or about March 11, 2007. Buyers deny the remaining allegations contained in paragraph 1 of the Complaint.

## THE PARTIES

2. Plaintiff, Yolanda Saul ("Seller"), is an individual residing at 1 West Lake Front Drive, P.O. Box 644, Beverly Shores, Indiana 46301. Plaintiff is a citizen of the state of Indiana.

**ANSWER:** Buyers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny the same.

## JURISDICTION AND VENUE

3. Defendants, Martin and Danielle Zimmerman ("Buyers"), are individuals residing at 100 E. Bellevue Place, Apartment 32A, Chicago, Illinois 60611. Defendants are citizens of the state of Illinois.

**ANSWER:** Buyers admit the allegations contained in paragraph 3 of the Complaint.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because Seller and Buyers are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Buyers admit that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. Buyers are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of the Complaint and therefore deny the same.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a) because Defendants reside in this district and because the real estate that forms the basis of the agreement is located in this district.

**ANSWER:** Buyers admit the allegations contained in paragraph 5 of the Complaint.

## BREACH OF CONTRACT

6. On or about March 11, 2007, Buyers and Seller entered into a residential real estate contract. A copy of the contract is attached hereto as "Exhibit A" and made a part hereof.

**ANSWER:** Buyers admit that on or about March 11, 2007, Buyers and Seller as the beneficiary of Trust No. 1104125, entered into a residential real estate contract and that a copy of

2

the contract is attached to the Complaint as Exhibit A. Buyers deny the remaining allegations contained in paragraph 6 of the Complaint.

7. On or about March 20, 2007, Buyers and Seller, through counsel, modified several provisions of the [C]ontract (amended agreement hereinafter referred to as "the Contract"). A copy of the correspondence containing the modification is attached hereto as "Exhibit B-E" and made a part hereof.

**ANSWER:** Buyers admit that on or about March 20, 2007, Buyers and Seller as the beneficiary of Trust No. 1104125, through counsel, modified several provisions of the Contract and that copies of the correspondence containing the modification are attached to the Complaint as Exhibits B-E. Buyers deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Pursuant to the Contract, Buyers were to purchase from Seller a property located at 101 East Bellevue, Chicago, Illinois 60611 ("the Property"). The Contract provided that the purchase price of the Property was to be $3,200,000.

**ANSWER:** Buyers admit that the Contract provided that the purchase price of the Property was to be $3,200,000. Buyers deny that the Contract obligated them to purchase the Property.

9. On or about May 30, 2007, the date of closing, Seller was ready, willing, and able to close and had performed all of her obligations under the terms of the Contract.

**ANSWER:** Buyers deny the allegations contained in paragraph 9 of the Complaint.

10. Buyers refused to close and purchase the Property, and materially breached their obligations under the Contract.

**ANSWER:** Buyers admit that they refused to close and purchase the property. Buyers deny the remaining allegations contained in paragraph 10 of the Complaint.

11. On or about October 2, 2007, Seller was able to sell the Property to another buyer for a purchase price of $2,500,000.

**ANSWER:** Buyers are without information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint and therefore deny the same.

**WHEREFORE**, Defendants/Counter-Plaintiffs, Martin and Danielle Zimmerman, request that Plaintiff/Counter-Defendant, Yolanda Saul's, Complaint be dismissed, and for any further relief in favor of Defendants/Counter-Plaintiffs that this Court deems just and proper.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense – Condition Precedent

1. Buyers are individuals residing at 100 E. Bellevue Place, Apartment 32A, Chicago, Illinois 60611. Defendants are citizens of the state of Illinois.

2. On information and belief, at all times relevant to the matters alleged in the Complaint, Plaintiff/Counter-Defendant, Yolanda Saul was the beneficiary of Trust No. 1104125 dated June 6, 1997 ("Beneficiary") and Chicago Title Land Trust Company formerly known as Chicago Trust Company was the trustee.

3. On information and belief, at all times relevant to the matters alleged in the Complaint, Trust No. 1104125 owned the property commonly known as 101 E. Bellevue Place, Chicago, Illinois 60611 (the "Property").

4. On or about March 11, 2007 Buyers and the Beneficiary entered into a written residential real estate sale contract (the "Contract") in which the Beneficiary agreed to sell and Buyers agreed to purchase the Property for the purchase price of $3,200,000. A copy of the Contract is attached hereto as Exhibit A.

5. On or about March 20, 2007, Buyers and the Beneficiary, through counsel, modified several provisions of the Contract (the modified agreement is hereafter referred to as

the "Contract"). A copy of the correspondence containing the modification is attached hereto as Exhibit B.

      6.      Pursuant to the terms of the Contract, the Beneficiary is obligated to

> "[D]eliver to Buyers' attorney evidence of merchantable title in the intended grantor by delivering a Commitment for Title Insurance from Chicago Title & Trust bearing a date no earlier than February 1, 2007, in the amount of the Purchase Price, **subject to no other exceptions than those previously listed within this Contract**, and to general exceptions contained in the commitment."

(Ex. B, ¶ 4A, emphasis added).

      7.      The Contract further provides

> "If evidence of title discloses other exceptions, Seller **shall** have thirty (30) days after Seller's receipt of evidence of title to cure such other exceptions and notify Buyer accordingly…"

(Ex. B, ¶ 4B, emphasis added).

      8.      The Commitment for Title Insurance delivered by the Beneficiary to Buyers disclosed that one side of the Property encroached onto the adjoining property commonly known as 103 E. Bellevue Place, Chicago, Illinois 60611 ("Adjoining Property") and that an easement had been granted to the then owner of the Property. Said encroachment and easement obligated the owner of the Property to paint the Easterly exterior wall of the residence on the Property facing the windows of the Adjoining Property and to wash and maintain the exterior portion of the windows of the residence on the Adjoining Property.

      9.      The exception and material obligations contained in paragraph 9 above are not listed in the Contract.

      10.      Pursuant to the terms of the Contract, Buyers made demand on the Beneficiary that she remove the exception to title to the Property described in paragraph 9 above.

11. The Beneficiary failed and refused to remove the exception to title to the Property described in paragraph 9 above.

12. The removal of the exception to title to the Property described in paragraph 9 above is a condition precedent to Buyers' purchase of the Property.

13. The Beneficiary's failure to remove the exception to title to the Property described in paragraph 9 above bars her Complaint for breach of the contract against Buyers.

**WHEREFORE**, Defendants/Counter-Plaintiffs, Martin and Danielle Zimmerman, request that Plaintiff/Counter-Defendant, Yolanda Saul's, Complaint be dismissed, and for any further relief in favor of Defendants/Counter-Plaintiffs that this Court deems just and proper.

### Second Affirmative Defense – Failure to Mitigate Damages

1. Buyers repeat and re-allege paragraphs 1 through 11 of their First Affirmative Defense as and for paragraphs 1 through 11 of their Second Affirmative Defense.

2. Subsequent to the Beneficiary's failure and refusal to remove the exception to title to the Property described in paragraph 9 of the First Affirmative Defense, the Buyers tendered a verbal offer to the Beneficiary's Broker to purchase the Property for $2,800,000.

3. The Beneficiary failed and refused to accept Buyers' offer to purchase the Property for $2,800,000.

4. The Beneficiary's failure to mitigate her damages by accepting Buyers' offer to purchase the Property for $2,800,000 bars her Complaint for breach of contract against Buyers.

**WHEREFORE**, Defendants/Counter-Plaintiffs, Martin and Danielle Zimmerman, request that Plaintiff/Counter-Defendant, Yolanda Saul's, Complaint be dismissed, and for any further relief in favor of Defendants/Counter-Plaintiffs that this Court deems just and proper.

## COUNTERCLAIM

### Breach of Contract

1-11. Buyers repeat and re-allege paragraphs 1 through 11 of their First Affirmative Defense as paragraphs 1 through 11 of their Counterclaim.

12. This Court has subject matter jurisdiction over Buyers' Counterclaim pursuant to FED. R. CIV. P. 13, because the Counterclaim arises out of the transaction or occurrence that is the subject matter of the Complaint.

13. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because the real estate that forms the basis of the Contract is located in this district.

14. Pursuant to the terms of the Contract

> "In the event Seller is unable to cure such other exceptions within this thirty (30) day period, Buyer may then elect to terminate the Contract by providing written notice to Seller. Upon Seller's receipt of such notice of termination, the Earnest Money shall be returned to Buyer,…"

(Ex. B, ¶ 4B).

15. Pursuant to the terms of the Contract, Buyers deposited earnest money in the total amount of $160,000 with Koenig & Strey as escrowee. (Ex. A, ¶ 3).

16. As a result of the Beneficiary's failure and refusal to remove the exception to title to the Property described in paragraph 9 of Buyers' First Affirmative Defense and to accept Buyers' offer to purchase the Property for $2,800,000, Buyers terminated the Contract and demanded the return of the earnest money.

17. The Beneficiary has failed and refused to return the earnest money to Buyers.

18. The Beneficiary's failure and refusal to remove the exception to title to the Property and return the earnest money to Buyers are material breaches of the Contract.

19.     As a result of the Beneficiary's failure and refusal to remove the exception to title to the Property and return the earnest money, the Buyers have been damaged in the amount of $160,000. In addition, Buyers have incurred attorneys' fees and costs.

20.     Buyers have performed all of their obligations under the Contract.

**WHEREFORE**, Defendants/Counter-Plaintiffs, Martin and Danielle Zimmerman, request this court to enter judgment in their favor and against Plaintiff/Counter-Defendant, Yolanda Saul, in the amount of $160,000 plus attorneys' fees, court costs, interest and all such further and equitable relief as is just.

                                                Respectfully submitted,
                                                Martin and Danielle Zimmerman,
                                                Defendants/Counter-Plaintiffs

                            By:   /s/ Jodi L. Flynn
                                   One of Their Attorneys

Champ W. Davis, Jr. (#587192)
Jodi L. Flynn (#6230910)
DAVIS MCGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
(312) 332-3033

Date:   March 11, 2008