# EXHIBIT B

*Saul Sale to Zimmerman*

# VEDDER PRICE

JOHN M. GALL
312-609-7509
jgall@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

March 20, 2007

**VIA FACSIMILE AND U.S. MAIL**

Michael Z. Margolies, Esq.
4709 W. Golf Road
Suite 475
Skokie, Illinois 60076
Fax: (847) 329-9450

Re:   101 E. Bellevue, Chicago - Saul to Zimmerman
      Client/Matter No. 38324.00.0011

Dear Mr. Margolies:

Our firm represents Martin and Danielle Zimmerman ("Buyers") in their purchase of the property located at 101 E. Bellevue, Chicago, Illinois ("Property"), from Yolanda Saul ("Seller"). We have reviewed both the Residential Real Estate Sales Contract accepted by the Seller on March 11, 2007 ("Contract"), and the home inspection report prepared by American Home Inspectors, Ltd., on March 12, 2007 ("Inspection Report"), a copy of which is enclosed. This letter sets forth our proposed modifications to the Contract, along with a short list of requested repairs to the residence.

Based upon our review of the Contract and upon consultation with the Buyers, Buyers propose the following modifications to the Contract's terms:

1. **Earnest Money (Section 3, Line 18).** As set forth in the second full sentence of this provision, the date of "March 5, 2007," shall be stricken and replaced with "March 11, 2007".

2. **Deed (Section 5, Line 40).** As set forth in the last full sentence of this provision, the year "2005," shall be stricken and replaced with "2006".

3. **Real Estate Taxes (Section 6, Line 42).** The second full sentence of this provision, beginning "General real estate taxes . . .", shall be stricken and the following language inserted in its place: "General real estate taxes shall be prorated at one hundred seven and one-half percent (107.5%) of the total

CHICAGO/#1619414.5


DEFENDANT'S EXHIBIT B

VEDDERPRICE

March 20, 2007
Page 2

    property tax bill for 2005."

4. <u>Title (General Provision "C", Line 121; Line 125 )</u>.

A. The first full sentence of this provision, beginning "At least five days prior . . .", shall be stricken and the following language inserted in its place: "At least five (5) business days prior to the closing date, Seller shall deliver to Buyers' attorney evidence of merchantable title in the intended grantor by delivering a Commitment for Title Insurance from Chicago Title & Trust bearing a date no earlier than February 1, 2007, in the amount of the Purchase Price, subject to no other exceptions than those previously listed within this Contract, and to general exceptions contained in the commitment."

B. The fourth full sentence of this provision, beginning "If evidence of title discloses other exceptions . . .", shall be stricken and the following language inserted in its place: "If evidence of title discloses other exceptions, Seller shall have thirty (30) days after Seller's receipt of evidence of title to cure such other exceptions and notify Buyer accordingly, <u>provided however</u>, Buyer, at its sole discretion, may postpone the Closing until Seller has cured such exceptions and has provided Buyer with written confirmation from the title company that such exceptions shall be removed from the final title policy and any pro forma title policy which may be issued upon closing. In the event Seller is unable to cure such other exceptions within this thirty (30) day period, Buyer may then elect to terminate the Contract by providing written notice to Seller. Upon Seller's receipt of such notice of termination, the Earnest Money shall be returned to Buyer, and upon Buyer's receipt of same, neither party shall have any further rights or obligations under this Contract.

5. <u>Notice (General Provision "D", Line 128)</u>. This provision shall be stricken in its entirety and the following language inserted in its place:

All notices required by this Contract shall be in writing, and shall be served upon the recipient Party's attorney at their address set forth herein. Any notices shall be deemed to have been duly and sufficiently given upon receipt or refusal by the addressee, if a copy thereof has been: (a) mailed by United States registered or certified mail, return receipt requested; (b) sent via personal messenger; or (c) sent via a nationally recognized overnight courier. Notice shall be served upon the following attorneys for each Party:

    If to Buyer:   Vedder, Price, Kaufman & Kammholz, P.C.

CHICAGO/#1619414.5

VedderPrice

March 20, 2007
Page 3

                    Attn: William J. Lewis, Esq.
                    222 N. LaSalle, Suite 2500
                    Chicago, IL 60601
                    Facsimile: (312) 609-5005

If to Seller:  Michael Z. Margolies, Esq.
              4709 W. Golf Road, Suite 475
              Skokie, IL 60076
              Facsimile: (847) 329-9450

6. **Disposition of Earnest Money (General Provision "E", Line 134; 143)**.

    A.    Intentionally omitted.

    B.    The last full sentence of this provision, beginning "Escrowee may be reimbursed . . .", shall be deleted in its entirety.

7. **Escrow Closing (General Provision I, Line 157; Line 159)**. The second full sentence of this provision, beginning "Upon the creation of an escrow . . .", shall be stricken and the following language inserted in its place: "Upon the creation of an escrow, payment of Purchase Price and delivery of deed shall be made through the escrow, and this Contract and the Earnest Money shall be deposited in the escrow."

8. **Survey (General Provision "J", Line 160)**. The first full sentence of this provision, beginning "Seller shall provide . . . ", shall be stricken and the following language inserted in its place: "At least five (5) business days prior to the closing date, Seller shall provide Buyer with a staked survey by a land surveyor licensed in the State of Illinois, dated not more than six (6) months prior to the date of closing, showing the present location of all improvements."

Additionally, based upon our review of the Inspection Report, the Buyers request that Seller have the following matters completed at Seller's expense, using first-class materials, labor and workmanship, prior to Closing:

    1.    Intentionally omitted.

    2.    Intentionally omitted.

    3.    Intentionally omitted.

VedderPrice

March 20, 2007
Page 4

4. <u>Elevator</u> – The inspector was not qualified to make a determination as to the condition of the elevator. Buyers request that Seller provide them with a copy of the most recent inspection or maintenance report in her possession.

5. Intentionally omitted.

6. Intentionally omitted.

If you have any questions regarding the matters contained herein, please do not hesitate to contact me at (312) 609-7509. In the event the Seller is amenable to our proposed modifications and request for repairs, please have her sign and date this letter where indicated below, or execute same yourself as an authorized agent of Seller, and return a copy to my attention via facsimile, with the original to follow via U.S. Mail.

Best regards,

*[signature]*

John M. Gall

Seller hereby accepts the proposed modifications to the Contract ~~and agrees to perform the repairs to the Property as requested herein~~.

*[signature]*                3/2-/07
Name                         Date

CHICAGO/#1610414.5