IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA SAUL,<br>    Plaintiff<br><br>v.<br><br>MARTIN and DANIELLE ZIMMERMAN,<br>    Defendants. | No.:  08 C 569<br><br>Judge:  John W. Darrah<br>Magistrate Judge:  Arlander Keys |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO
DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiff/Counter-Defendant, Yolanda Saul ("Seller"), by her attorneys, Jenner & Block LLP, and for her Reply to Defendant/Counter-Plaintiff, Martin and Danielle Zimmerman's ("Buyers") Counterclaim states as follows:

**REPLY**

1.  Buyers are individuals residing at 100 E. Bellevue Place, Apartment 32A, Chicago, Illinois 60611.  Defendants are citizens of the state of Illinois.

    **REPLY:**   Seller admits the allegations contained in paragraph 1 of the Counterclaim.

2.  On information and belief, at all times relevant to the matters alleged in the Complaint, Plaintiff/Counter-Defendant, Yolanda Saul was the beneficiary of Trust No. 1104125 dated June 6, 1997 ("Beneficiary") and Chicago Title Land Trust Company formerly known as Chicago Trust Company was the trustee.

    **REPLY:**   Seller admits the allegations contained in paragraph 2 of the Counterclaim.

3.  On information and belief, at all times relevant to the matters alleged in the Complaint, Trust No. 1104125 owned the property commonly known as 101 E. Bellevue Place, Chicago, Illinois 60611(the "Property").

**REPLY:** Seller admits the Trust No. 1104125 held legal title to the property commonly known as 101 E. Bellevue Place, Chicago, Illinois 60611 ("the Property") for the sole and exclusive benefit of Seller.

4. On or about March 11, 2007 Buyers and Beneficiary entered into a written residential real estate sale contract (the "Contract") in which the Beneficiary agreed to sell and Buyers agreed to purchase the Property for the purchase price of $3,200,000. A copy of the Contract is attached hereto as Exhibit A.

**REPLY:** Seller admits the allegations contained in paragraph 4 of the Counterclaim.

5. On or about March 20, 2007, Buyers and the Beneficiary, through counsel, modified several provisions of the Contract (the modified agreement is hereafter referred to as the "Contract"). A copy of the correspondence containing the modification is attached hereto as Exhibit B.

**REPLY:** Seller admits the allegations contained in paragraph 5 of the Counterclaim.

6. Pursuant to the terms of the Contract, the Beneficiary is obligated to

"[D]eliver to Buyers' attorney evidence of merchantable title in the intended grantor by delivering a Commitment for Title Insurance from Chicago Title & Trust bearing a date no earlier than February 1, 2007, in the amount of the Purchase Price, **subject to no other exceptions than those previously listed within this Contract**, and to general exceptions contained in the commitment."

(Ex. B, ¶ 4A, emphasis added).

**REPLY:** Seller admits the allegations contained in paragraph 6 of the Counterclaim.

7. The Contract further provides

"If evidence of title discloses other exceptions, Sell **shall** have thirty (30) days after Seller's receipt of evidence of title to cure such other exceptions and notify Buyer accordingly…"

(Ex. B, ¶ 4B, emphasis added).

**REPLY:** Seller admits the allegations contained in paragraph 7 of the Counterclaim.

8. The Commitment for Title Insurance delivered by the Beneficiary to Buyers disclosed that one side of the Property encroached onto the adjoining property commonly known as 103 E. Bellevue Place, Chicago, Illinois 60611 ("Adjoining Property") and that an easement had been granted to the then owner of the Property. Said encroachment and easement obligated the owner of the Property to paint the Easterly exterior wall of the residence on the Property facing the windows of the Adjoining Property and to wash and maintain the exterior portion of the windows of the residence on the Adjoining Property.

**REPLY:** Seller admits that the Commitment for Title Insurance that Seller delivered to Buyers on or about May 22, 2007 showed that one side of the Property encroached onto the adjoining property commonly known as 103 E. Bellevue Place, Chicago, Illinois 60611 ("the Adjoining Property") and that the Adjoining Property had granted Seller an easement over the encroachment. Seller denies the remaining allegations contained in paragraph 8 of the Counterclaim.

9. The exception and material obligations contained in paragraph 9 above are not listed in the Contract.

**REPLY:** Seller denies the allegations contained in paragraph 9 of the Counterclaim.

10. Pursuant to the terms of the Contract, Buyers made demand on the Beneficiary that she remove the exception to the title to the Property described in paragraph 9 above.

**REPLY:** Seller admits that Buyers requested that Seller remove the matters identified in paragraphs 20 and 21 of the Commitment for Title Insurance that Seller delivered to Buyers on or about May 22, 2007. Seller denies the remaining allegations contained in paragraph 10.

11. The beneficiary failed and refused to remove the exception to title to the Property described in paragraph 9 above.

**REPLY:** Seller admits that she did not remove the matters identified in paragraphs 20 and 21 of the Commitment for Title Insurance that Seller delivered to Buyers on or about May 22, 2007. Seller denies the remaining allegations contained in paragraph 11 of the Counterclaim.

12. This Court has subject matter jurisdiction over Buyers' Counterclaim pursuant to FED. R. CIV. P. 13, because the Counterclaim arises out of the transaction or occurrence that is the subject matter of the Complaint.

**REPLY:** Seller admits the allegations contained in paragraph 12 of the Counterclaim.

13. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because the real estate that forms the basis of the Contract is located in this district.

**REPLY:** Seller admits the allegations contained in paragraph 13 of the Counterclaim.

14. Pursuant to the terms of the Contract

"In the event Seller is unable to cure such other exceptions within this thirty (30) day period, Buyer may then elect to terminate the Contract by providing written notice to Seller. Upon Seller's receipt of such notice of termination, the Earnest Monday shall be returned to Buyer,..."

(Ex. B, ¶ 4B).

**REPLY:** Seller admits the allegations contained in paragraph 14 of the Counterclaim.

15. Pursuant to the terms of the Contract, Buyers deposited earnest money in the total amount of $160,000 with Koenig & Strey as escrowee. (Ex. A, ¶ 3).

**REPLY:** Seller admits the allegations contained in paragraph 15 of the Counterclaim.

16. As a result of the Beneficiary's failure and refusal to remove the exception to title to the Property described in paragraph 9 of Buyers' First Affirmative Defense and to

accept Buyers' offer to purchase the property for $2,800,000, Buyers terminated the Contract and demanded the return of the earnest money.

**REPLY:** Seller admits that Buyers purported to terminate the contract and demanded the return of the earnest money, but Seller denies that Buyers had any right to do so.

17. The Beneficiary has failed and refused to return the earnest money to Buyers.

**REPLY:** Seller admits that she has objected to the release of the earnest money.

18. The Beneficiary's failure and refusal to remove the exception to title to the Property and return the earnest money to Buyers are material breaches of the Contract.

**REPLY:** Seller denies the allegations contained in paragraph 18 of the Counterclaim.

19. As a result of the Beneficiary's failure and refusal to remove the exception to title to the Property and return the earnest money, the Buyers have been damaged in the amount of $160,000. In addition, Buyers have incurred attorneys' fees and costs.

**REPLY:** Seller denies the allegations contained in paragraph 19 of the Counterclaim.

20. Buyers have performed all of their obligations under the Contract.

**REPLY:** Seller denies the allegations contained in paragraph 20 of the Counterclaim.

**WHEREFORE,** Plaintiff/Counter-Defendant, Yolanda Saul, respectfully requests that this Court enter judgment in her favor and against Defendants/Counter-Plaintiffs on their Counterclaim and order all such further legal and equitable relief as is just.

## AFFIRMATIVE DEFENSE

1.  Without admitting that it was necessary for Seller to remove the matters contained in paragraphs 20 and 21 of the title commitment, on information and belief, Buyers breached their duty of good faith and fair dealing by interfering with Seller's ability to do so.

**WHEREFORE,** Plaintiff/Counter-Defendant, Yolanda Saul, respectfully requests that this Court enter judgment in her favor and against Defendants/Counter-Plaintiffs on their Counterclaim and order all such further legal and equitable relief as is just.

                                      Respectfully submitted,
                                      Yolanda Saul

                                By:    s/ Joseph G. Bisceglia
                                                One of her Attorneys

Joseph G. Bisceglia (#213535)
Andrew F. Merrick (#6290213)
JENNER & BLOCK LLP
330 North Wabash
Chicago, IL 60611
(312) 923-2784

Date:   March 31, 2008

## CERTIFICATE OF SERVICE

I, Joseph G. Bisceglia, an attorney for Plaintiff Yolanda Saul hereby certify that a true and correct copy of the foregoing Plaintiff/Counter-Defendant's Reply to Defendant/Counter-Plaintiff's Counterclaim was served by the Court's CM/ECF system on the 31st day of March, 2008, upon:

Jodi L. Flynn
DAVIS MCGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, Illinois 60606

                                By:    <u>s/ Joseph G. Bisceglia</u>
                                                    One of her Attorneys