**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YOLANDA SAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 08 C 569 |
| v. ) | |
| ) | Judge John W. Darrah |
| MARTIN and DANIELLE ) | |
| ZIMMERMAN, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff Yolanda Saul ("Yolanda" or "Seller"), by her attorneys, Jenner & Block LLP, respectfully requests that this Court grant partial summary judgment against Defendants, Martin and Danielle Zimmerman ("Zimmermans" or "Buyers"), with respect to Buyers' liability for breach of contract. In support of her motion for summary judgment, Seller states as follows:

1. This action arises out of Buyers' refusal to close the $3.2 million purchase of a residential property, located at 101 East Bellevue in Chicago, pursuant to a contract entered into between Buyers and Seller on or about March 11, 2007.

2. Buyers materially breached the contract by failing to purchase the property. The professed reason for Buyers' refusal was the existence of an alleged material and impermissible title impediment — the fact that the adjoining property owner has the right, if necessary, to have the owner hire someone to paint a small 6-foot strip of an exterior wall on the property, and wash a window on the adjoining property. Buyers asserted that this matter constituted a substantial defect and therefore an impermissible title exception.

3. There is no genuine issue of fact that Seller complied with her obligations under the contract and, therefore, Buyers had no basis to refuse to purchase the property. First, the contract provided that Buyers had to take title subject to "covenants, conditions, and restrictions of record," and the painting covenant or restriction was of record.

4. Second, the contract provided that Seller only had to deliver evidence of "merchantable" title, not perfect title. Seller complied with this obligation by delivering a title commitment subject only to the *de minimis* matter of record described above. Because this trivial matter does not render title unmerchantable, Seller complied with her obligation and Buyers had no basis to refuse to purchase the property.

5. Further, Buyers' refusal to purchase the property was in violation of the covenant of good faith and fair dealing. Buyers' invocation of this trivial matter, in the midst of a slumping housing market, shows Buyers' true motivation was to walk away from what they perceived to be a bad deal on price. This conclusion is bolstered by the fact that, after materially breaching the contract, Buyers allege that they attempted to use the *de minimis* matter of record to negotiate a $400,000 price reduction.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Court grant summary judgment in favor of Plaintiff and against Defendants on the issue of Defendants' liability for breach of contract.

>Respectfully submitted,
>Yolanda Saul
>
>By:    s/ Joseph G. Bisceglia
>           One of her Attorneys

Joseph G. Bisceglia (#213535)
Andrew F. Merrick (#6290213)
JENNER & BLOCK LLP
330 North Wabash
Chicago, IL 60611
(312) 923-2784

Date:   May 28, 2008

## CERTIFICATE OF SERVICE

I, Andrew F. Merrick, an attorney for Plaintiff Yolanda Saul hereby certify that a true and correct copy of **Plaintiff's Motion for Partial Summary Judgment, Plaintiff's Memorandum of Law in Support of her Motion for Partial Summary Judgment, Plaintiff's Statement of Undisputed Material Facts in Support of Her Motion for Partial Summary Judgment, Declaration of Dr. Richard Saul, and Declaration of Yolanda Saul** were served by the Court's CM/ECF system on the 28th day of May, 2008 upon:

Frederic R. Klein
Roger A. Lewis
GOLDBERG, KOHN, BELL, BLACK,
ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street Suite 3300
Chicago, Illinois 60603

>/s Andrew F. Merrick