IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA SAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 08 C 569 |
| v. ) | |
| ) | Judge John W. Darrah |
| MARTIN and DANIELLE ) | |
| ZIMMERMAN, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff Yolanda Saul, by and through her attorneys, Jenner & Block LLP, hereby submits the following Statement of Undisputed Material Facts in support of her Motion for Partial Summary Judgment:

**I.    THE PARTIES**

1.    Plaintiff, Yolanda Saul ("Yolanda" or "Seller"), is an individual residing at 1 West Lake Front Drive, P.O. Box 644, Beverly Shores, Indiana 46301.  Plaintiff is a citizen of the state of Indiana. (Compl. ¶ 2.)

2.    Defendants, Martin and Danielle Zimmerman ("Zimmermans" or Buyers"), are individuals residing at 100 E. Bellevue Place, Apartment 32A, Chicago, Illinois, 60611. Defendants are citizens of the state of Illinois. (Compl. ¶ 3.)

**II.   JURISDICTION AND VENUE**

3.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Compl. ¶ 4.)

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because defendants reside in this district and because the real estate that forms the basis of the agreement is located in this district. (Compl. ¶ 5.)

## III. UNDISPUTED FACTS

### A. Buyers Contract to Purchase Yolanda's Home.

5. Buyers and Seller entered into a residential real estate contract dated March 11, 2007 and modified on or about March 20, 2007. (Yolanda Saul Decl. ¶ 1, Exhibits A-B.)

6. Pursuant to the contract, Buyers agreed to purchase from Yolanda a single-family townhome located at 101 East Bellevue, Chicago, Illinois 60611 ("the Property") for a purchase price of $3,200,000. (*See id.*)

7. Paragraph C ("the title provision") of the contract provided:

"At least five (5) business days prior to the closing date, Seller shall deliver to Buyers' attorney evidence of *merchantable title* in the intended grantor by delivering a Commitment for Title Insurance from Chicago Title & Trust bearing a date no earlier than February 1, 2007, in the amount of the Purchase Price, *subject to no other exceptions than those previously listed within this Contract*, and to general exceptions contained in the commitment."

(Yolanda Saul Decl., Exhibit B ¶ 4(A) (emphasis supplied).)

8. Section 5 ("the deed provision") of the contract provided:

"At closing, *Seller shall execute and deliver to Buyer, or cause to be executed by Buyer, a recordable Warranty Deed* with release of homestead rights (or other appropriate deed if title is in trust or in an estate), or Articles of Agreement, if applicable, *subject only to the following if any: covenants, conditions, and restrictions of record;* public and utility easements; existing leases and tenancies; . . . ."

(Yolanda Saul Decl., Exhibit A, Line 37 (emphasis supplied).)

9. An earnest money deposit of $160,000 is escrowed with the realtor pending the outcome of this case. (Defendants' Counterclaim ¶¶ 14, 16.)

**B.    In 1990, Yolanda Constructs an Addition to the Property and Enters into the Declaration.**

10. In 1990, Yolanda and her husband, Dr. Richard Saul ("the Sauls"), began construction on the Property, including the building of a garage and a "mud room," or an enclosed entranceway. (Dr. Saul Decl. ¶ 2.) Part of the addition encroached by about three inches on the property located at 103 East Bellevue ("the adjoining property"). (*Id.*)

11. The owners of the adjoining property, Thomas and Virginia Gohagan ("the Gohagans"), agreed to grant the Sauls an easement over the encroachment. (Dr. Saul Decl. ¶ 2, Exhibit C at ¶ 3, Exhibit E at ¶ 2.)

12. As consideration for the easement, the Sauls agreed to pay the Gohagans $4,000.00, and to set back, or indent, by two feet an area of the mud room wall measuring six feet wide ("the setback area"). (Dr. Saul Decl. ¶ 2, Exhibit B, Exhibit C at ¶ 1, Exhibit E at Pg. 2.) Because there is otherwise no space between the properties, the setback allowed the Gohagans to open their kitchen windows. (Dr. Saul Decl. ¶ 2, Exhibits A-B, D1-D5.)

13. In addition, the Sauls agreed that upon reasonable advance written notice, and not more frequently than one time per calendar year, the Sauls would hire a contractor at the Gohagans' expense to paint the exterior wall of the setback area that faces the Gohagans' property ("the setback wall"), but only to the extent the setback wall was visible from the Gohagans' windows. (Dr. Saul Decl. ¶ 3, Exhibit E at ¶ 3(a).) The Sauls also agreed that upon reasonable advance written notice, and not more frequently than three times per calendar year, the Sauls would hire a contractor at the Gohagans' expense to wash and maintain the Gohagans' windows. (Dr. Saul Decl. ¶ 3, Exhibit E at ¶ 3(b).)

14. On or about June 20, 1990, the matters described above were memorialized in a document titled Declaration of Mutual Easements ("the Declaration") and recorded with the Cook County Recorder as Document No. 9029216. (*See* Dr. Saul Decl. ¶ 3, Exhibit E.)

15. Since the parties' executed the Declaration, the Gohagans have never asked the Sauls to "hire" a painter or a window-washer. (Dr. Saul Decl. ¶ 4.) Nor have the Gohagans had the setback wall painted. (*Id.*)

### C. Yolanda Delivers to Buyers a Title Commitment.

16. On or about May 22, 2007, Yolanda delivered to Buyers a title commitment from Chicago Title & Trust. (Yolanda Saul Decl. ¶ 2, Exhibit C.) The commitment contained a series of general exceptions, and the following specific exceptions:

> "(20)(A) Terms, provisions, and conditions relating to the easement described as parcel 2 contained in the instrument creating said easement. (B) Rights of the adjoining owner or owners to the concurrent use of said easement
>
> (21) Covenants and restrictions . . . contained in the document recorded June 20, 1990 as document no. 90292168 [the declaration]."

(Yolanda Saul Decl. ¶ 2, Exhibit C at Pg. B-3.)

17. The commitment defined parcel 2 as the beneficial easement that allowed the Property to encroach on the Gohagans' property. (Yolanda Saul Decl. ¶ 2, Exhibit C at Pg. A-2.)

18. Buyers objected to paragraphs 20 and 21 as impermissible title exceptions not permitted by the contract. (Defendants' First Affirmative Defense ¶¶ 8-13.)

### D. Buyers Materially Breach the Contract.

19. On or about May 30, 2007, the agreed upon date for closing, Seller was ready, willing, and able to close the transaction. (Compl. ¶ 9; Yolanda Saul Decl. ¶ 2.)

20. Buyers refused to close the transaction. (Compl. ¶ 10, Yolanda Saul. Decl. ¶ 3; Defendants' Answer ¶ 10.)

4

21.    Buyers' sole professed reason for refusing to purchase the property was Seller's failure to remove paragraphs 20 and 21 from the title commitment. (Defendants' First Affirmative Defense ¶¶ 8-13.)

22.    On or about October 2, 2007, Seller sold the property to another buyer for less money than the agreed upon purchase price in the contract dated March 11, 2007. (Yolanda Saul Decl. ¶ 2.)

                                        Respectfully submitted,
                                        Yolanda Saul


                                        By:    <u>s/ Joseph G. Bisceglia</u>
                                                          One of her Attorneys


Joseph G. Bisceglia (#213535)
Andrew F. Merrick (#6290213)
JENNER & BLOCK LLP
330 North Wabash
Chicago, IL 60611
(312) 923-2784

Date:   May 28, 2008