IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YOLANDA SAUL,                          )
                                       )
                Plaintiff,             )
                                       )        No.: 08 C 569
        v.                             )
                                       )        Judge John W. Darrah
MARTIN and DANIELLE                    )
ZIMMERMAN,                             )
                                       )
                Defendants.            )

## DECLARATION OF DR. RICHARD SAUL

I, Dr. Richard Saul, do hereby declare and state as follows:

1.  My wife, Yolanda, and I resided at 101 East Bellevue, Chicago, Illinois 60611 ("the Property") between 1990 and 2007. A true and correct copy of the recent survey of the property is attached as Exhibit A.

2.  In 1990, Yolanda and I began construction on the property, including the building of a garage and a "mud room," or an enclosed entranceway. Parts of the addition encroached by about three inches on the property located at 103 East Bellevue ("the adjacent property"). Pursuant to a settlement agreement, the owners of the adjacent property, Thomas and Virginia Gohagan ("the Gohagans"), agreed to grant Yolanda and I an easement over the encroachment in exchange for a cash payment of $4,000. In addition, we agreed to set back an area of the mud room wall measuring approximately six feet ("the setback area"), so the Gohagans would be able to open their kitchen windows. A true and correct diagram of the setback area is attached as Exhibit B, a true and correct copy of the settlement agreement is attached as Exhibit C, and true and

correct photographs of the setback area are attached as Exhibit D1-D5.

3.   In addition, we agreed that upon reasonable advance written notice, and not more frequently than one time each calendar year, we would hire a contractor at the Gohagans' expense to paint the exterior wall of the setback area that faces the Gohagans' property ("the setback wall"), but only to the extent the setback wall was visible from the Gohagans' windows. The setback wall is not visible from our property. We also agreed that upon reasonable advance written notice, and not more frequently than three times each calendar year, we would hire a contractor to wash and maintain the Gohagans' windows. On or about June 20, 1990, these matters were memorialized in a document titled Declaration of Mutual Easements ("the Declaration") and recorded with the Cook County Recorder as Document No. 9029216. A true and correct of the Declaration is attached hereto as Exhibit E.

4.   Since we entered into the Declaration, the Gohagans have never asked us to "hire" a painter or a window-washer. Nor have the Gohagans ever had the setback wall painted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 27, 2008

_____
                              Dr. Richard Saul

# Exhibit A

# PROFESSIONALS ASSOCIATED SURVEY, INC.

PROFESSIONAL DESIGN FIRM NO. 184-003023



7100 N. TRIPP AVENUE
LINCOLNWOOD, ILLINOIS 60712

TEL: (847) 675-3000
FAX: (847) 675-2167

# PLAT OF SURVEY

## OF

LOT 18 IN BRIESACK'S SUBDIVISION OF THE NORTH 1/2 OF BLOCK 7 IN THE SUBDIVISION BY THE COMMISSIONERS OF THE ILLINOIS AND MICHIGAN CANAL OF THE SOUTH FRACTIONAL 1/2 OF SECTION 3, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THE SOUTH 8 FEET THEREOF TAKEN FOR ALLEY), IN COOK COUNTY, ILLINOIS.

LAND TOTAL AREA: 3,015.684 SQ.FT = 0.069 ACRE.

COMMONLY KNOWN AS: 101 EAST BELLEVUE PLACE, CHICAGO, ILLINOIS.





THE LEGAL DESCRIPTION SHOWN ON THE PLAT HEREON DRAWN IS A COPY OF THE ORDER, AND FOR ACCURACY SHOULD BE COMPARED WITH THE TITLE OR DEED. DIMENSIONS ARE NOT TO BE ASSUMED FROM SCALING.
BUILDING LINES AND EASEMENTS ARE SHOWN ONLY WHERE THEY ARE SO RECORDED IN THE MAPS, OTHERWISE REFER TO YOUR DEED OR ABSTRACT.

Order No.                 07-77684
Scale: 1 inch =            15        feet.
Date of Field Work:      May 3, 2007.
Ordered by:    Michael Z. Margolies
                  Attorney at Law

THIS PROFESSIONAL SERVICE CONFORMS TO THE ILLINOIS MINIMUM STANDARDS FOR BOUNDARY SURVEY.
THIS SURVEY HAS BEEN ORDERED FOR SURFACE DIMENSIONS ONLY, NOT FOR ELEVATIONS.
THIS IS NOT AN ALTA SURVEY.
COMPARE ALL POINTS BEFORE BUILDING BY SAME AND AT ONCE REPORT ANY DIFFERENCE.

State of Illinois
County of Cook  s.s.

We, PROFESSIONALS ASSOCIATED SURVEY INC., do hereby certify that we have surveyed the above described property and that, to the best of our knowledge, the plat hereon drawn is an accurate representation of said survey.

Date:     5-9-2007

H. PROF LAND SURVEYOR   -   LICENSE EXP. DATE NOV. 30, 2008.
Drawn by: J.V.



EXHIBIT
A

# Exhibit B



90292169

90292169

DECK

AREAWAY TO ALLOW
(2) OUTSWINGING
AWNING WINDOWS TO
OPERATE. WALL SUB-
FACES WITHIN AREA-
WAY MAY BE PAINTED
BY THE GONAGANS.

BUILT IN PLANTER
STRUCTURE NO CLOSER
THAN 6'-0" FROM EAST
PROPERTY LINE, TYPICAL.
PLANTER NOT TO EXCEED
18" IN HEIGHT

PLANTER

12'-6"

6'-6" STEPS TO

BRICK OR TIMBER STORY
STRUCTURES

ALLOW
WINDOWS
TO OPEN

6'-0"

ONE STORY GARAGE
WITH MUDROOM CONNECTION

PARAPET/ROOF CURB

30.06'

PROPERTY LINE

PROPERTY LINE

REAR YARD IMPROVEMENTS @ 101 E. BELLEVUE, CHICAGO

NORTH

DANIEL WHEELER ARCHITECTS, INC.    11 APRIL 90

1/8" = 1'-0"

EXHIBIT A

EXHIBIT
B

# Exhibit C

90292168

### SETTLEMENT AGREEMENT

WHEREAS, on April 4, 1990, Thomas P. and Virginia A. Gohagan, (the "Gohagans") filed an action against Richard and Yolanda Saul, (the "Sauls") in the Circuit Court of Cook County, Gohagan, et al. v. Saul, et al., No. 90 CH 3280 (the "Action");

WHEREAS, on April 11, 1990, the Sauls filed an answer, affirmative defenses and a counterclaim for damages in the Action;

WHEREAS, the subject matter of the Action is the construction of an addition on the Saul's property at 101 East Bellevue, Chicago, Illinois (the "Addition");

WHEREAS, the parties desire to settle and compromise all matters presently in controversy between them, including all matters that were or could have been brought in the Action, without any admission or acknowledgement of any wrongdoing or liability;

NOW THEREFORE, the Gohagans and Sauls agree as follows:

1.  The Gohagans shall not object in any forum to the Sauls construction of the Addition to their property at 101 East Bellevue consistent with the drawing attached to this Settlement Agreement as Exhibit A, the terms of which are incorporated herein by reference;





EXHIBIT

C

9 0 2 9 2 1 6 8

2.   Following completion of the Addition, the Gohagans
     at their sole cost and expense shall be allowed to
     paint in a color of their choice and to maintain
     the painting of the easterly exterior side of the
     wall of the Mud Room facing the windows on the
     Gohagan Property to the extent that the wall is
     visible from the Gohagans' windows and to maintain
     and wash the exterior portion of the Gohagans'
     windows;

3.   The Sauls shall pay the Gohagans the sum of
     $4,000.00 (Four Thousand Dollars) contemporaneously
     with the execution of this Settlement Agreement;

4.   The Gohagans shall grant to the Sauls an easement
     substantially in the form attached as Exhibit B,
     the terms of which are incorporated herein by
     reference;

5.   The parties to this Agreement, by their attorneys,
     will execute a stipulation to dismiss the Action
     with prejudice;

6.   The Gohagans will not contest or oppose in any
     forum the construction of the Addition except to
     the extent, if any, that such construction
     materially deviates from certain plans produced to
     the Gohagans in the Action, labeled A1, A2, A3, A4,
     A5, A6, A7, S1, M1, M2, E1, E2, P1 and P2, as
     amended by Exhibit A to this Agreement;

-2-

90292168

7.    This Agreement shall take effect upon the signing hereof by John T. Malarkey, a duly authorized attorney for the Gohagans, and by William A. Von Hoene, Jr. of Jenner & Block, a duly authorized attorney for the Sauls.

THOMAS P. GOHAGAN and
VIRGINIA A. GOHAGAN

By:_____
        John T. Malarkey

RICHARD SAUL and
YOLANDA SAUL

By: *William A. Von Hoene, Jr.*
        William A. Von Hoene, Jr.

SNR00406.SET

-3-



90292168

REAR YARD IMPROVEMENTS @ 101 E. BELLEVUE, CHICAGO

DANIEL WHEELER ARCHITECTS, INC.   11 APRIL 90

EXHIBIT A

90292163

**EXHIBIT B TO SETTLEMENT AGREEMENT**

Intentionally Omitted For Recording

90292168

# Exhibit D



EXHIBIT
D-1



EXHIBIT
D-2



EXHIBIT
D-3



EXHIBIT
D-4



EXHIBIT
D-5

# Exhibit E

9 0 2 9 2 1 8  90292168

## DECLARATION OF MUTUAL EASEMENTS

This Declaration of Mutual Easements is entered
into on this 1st day of ~~April~~ June, 1990 between THOMAS P. and
VIRGINIA A. GOHAGAN (the "Gohagans") of 103 East Bellevue
Place, Chicago, Illinois 60611, and FIRST NATIONAL BANK OF
NORTHBROOK (the "Trustee"), as trustee under trust agreement
dated May 24, 1989 and known as Trust No. 461 (the "Saul
Trust").

WHEREAS, the Gohagans are the legal owners of
certain property commonly known as 103 East Bellevue Place,
Chicago, Illinois 60611, and legally described on **Exhibit A**
attached hereto and incorporated herein by reference (the
"Gohagan Property"); and

WHEREAS, the Trustee is the legal owner of certain
property commonly known as 101 East Bellevue Place, Chicago,
Illinois 60611, and legally described on **Exhibit B** attached
hereto and incorporated herein by reference (the "Saul
Property"); and

WHEREAS, Yolanda Saul is the sole beneficiary of
the Saul Trust ("Saul") and has a residence address of 1212
North Lake Shore Drive, Chicago, Illinois 60610; and

WHEREAS, Saul and Dr. Richard Saul (collectively,
the "Sauls") have begun construction of an addition on the
Saul Property (the "Addition"), portions of which encroach
on the Gohagan Property by a maximum distance of approxi-
mately three inches east of the westerly side lot line of
the Gohagan Property for a distance of approximately thir-
ty-seven feet along the Southwestern side lot line of the
Gohagan Property; and

WHEREAS, the Sauls seek to cause to be construct-
ed, at their expense and as part of the Addition, a mud room
(the "Mud Room") and garage (the "Garage") with a masonry
wall to a height of approximately twelve feet above grade,
along with Western side lot line of the Gohagan Property;
and

. DEPT-01 RECORDING          $28.50
. T#7777  TRAN 5745 06/20/90 11:23:00
. #6291 # F  *-90-292168
. COOK COUNTY RECORDER

This instrument was prepared by and following recording
should be returned to H. J. McCown, Jenner & Block, One IBM
Plaza, Chicago, Illinois 60611

SAUL5    04/30/90              -1-

EXHIBIT
**E**
tabbies



9 0 2 9 2 1 6 8

WHEREAS, the Gohagans have agreed to permit the encroachment of such masonry walls on the described Gohagan Property pursuant to a Settlement Agreement of even date herewith, attached hereto as Exhibit C and incorporated herein by reference (the "Settlement Agreement"); and

WHEREAS, the East wall of the Mud Room shall contain a setback from the Gohagan Property having dimensions of approximately 6.5 feet by 2 feet, as more specifically depicted on Exhibit A to the Settlement Agreement (the "Setback Area"); and

WHEREAS, the Sauls have agreed to engage a contractor from time to time, at the Gohagans' expense, to paint the Easterly exterior side of the wall of the Mud Room facing the windows on the Gohagan Property (the "Gohagans' Windows") to the extent that the wall is visible from the Gohagans' Windows, and to wash and maintain, as necessary, the exterior portion of the Gohagans' Windows;

NOW, THEREFORE, in consideration of the premises and mutual agreements, covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknoweldged, the parties do hereby agree as follows:

1.  Recitals.  All of the above mentioned recitals are correct and are incorporated herein by reference.

2.  Saul Encroachment Easement.  The Gohagans hereby grant to the Sauls an easement over the Gohagan Property starting at the Southwest corner of the Gohagan Property and running North along the Western lot line of the Gohagan Property for approximately thirty-seven feet and to a width of approximately three inches, as necessary (without disturbing improvements located on the Gohagan Property) for the purpose of constructing the Mud Room and Garage walls as described in the Settlement Agreement.

3.  Gohagan Painting/Window Washing.  (a) Upon reasonable advance written notice from the Gohagans to the Sauls not more frequently than one time each calendar year, the Sauls shall hire, at the expense of the Gohagans, a reputable and mutually agreed upon contractor to paint the Easterly exterior side of the wall of the Mud Room facing the windows on the Gohagan Property to the extent that the wall is located within the Setback Area and is visible from the Gohagans' Windows (the "Setback Area Wall").  The notice from the Gohagans shall specify the type and color of paint to be used for painting the Setback Area Wall.

(b) Upon reasonable advance written notice from the Gohagans to the Sauls not more frequently than three

SAUL5    04/30/90              -2-

9 0 2 9 2 1 6 3

times each calendar year, the Sauls shall hire, at the expense of the Gohagans, a reputable and mutually agreed upon contractor to wash and/or maintain the Gohagans' Windows.

4.    **Binding Effect.** All of the benefits, burdens, conditions, easements and agreements contained within this Declaration shall be perpetual and shall inure to the benefit of and be binding on the parties hereto and their respective heirs, successors, beneficiaries, representatives and assigns and shall be deemed to be easements, restrictions and covenants running with this land.

5.    **Exculpation.** This Easement is executed by the undersigned Trustee, not personally, but as Trustee as aforesaid, in the exercise of the power and authority conferred upon and vested in it as such Trustee (and said Trustee hereby warrants in its individual capacity that it possesses full power and authority to execute this instrument), and it is expressly understood and agreed that nothing herein contained shall be construed as creating any liability or imposing any indemnity liability on said Trustee individually or personally or to perform any covenant, representation, agreement or condition, either express or implied herein contained, all such liability, indemnity or performance obligation by, of or against Trustee individually or personally, if any, being expressly waived by the undersigned and by every person now or hereafter claiming any right or security thereunder, and to be asserted solely versus the trust property.

IN WITNESS WHEREOF, the parties have caused this Declaration of Mutual Easement to be made on the year and the day first written above.

_____        _____
THOMAS P. GOHAGAN              VIRGINIA GOHAGAN

FIRST NATIONAL BANK OF
   NORTHBROOK, as trustee
   as aforesaid

By: _____
    Its: _____

SAUL5    04/30/90                    -3-

90292163

times each calendar year, the Sauls shall hire, at the expense of the Gohagans, a reputable and mutually agreed upon contractor to wash and/or maintain the Gohagans' Windows.

4.  **Binding Effect**.  All of the benefits, burdens, conditions, easements and agreements contained within this Declaration shall be perpetual and shall inure to the benefit of and be binding on the parties hereto and their respective heirs, successors, beneficiaries, representatives and assigns and shall be deemed to be easements, restrictions and covenants running with this land.

5.  **Exculpation**.  This Easement is executed by the undersigned Trustee, not personally, but as Trustee as aforesaid, in the exercise of the power and authority conferred upon and vested in it as such Trustee (and said Trustee hereby warrants in its individual capacity that it possesses full power and authority to execute this instrument), and it is expressly understood and agreed that nothing herein contained shall be construed as creating any liability or imposing any indemnity liability on said Trustee individually or personally or to perform any covenant, representation, agreement or condition, either express or implied herein contained, all such liability, indemnity or performance obligation by, of or against Trustee individually or personally, if any, being expressly waived by the undersigned and by every person now or hereafter claiming any right or security thereunder, and to be asserted solely versus the trust property.

IN WITNESS WHEREOF, the parties have caused this Declaration of Mutual Easement to be made on the year and the day first written above.


_____        _____
THOMAS P. GOHAGAN                   VIRGINIA GOHAGAN


FIRST NATIONAL BANK OF
  NORTHBROOK, as trustee
  as aforesaid under Trust #461
dated 5/24/89, NOT PERSONALLY, BUT SOLELY AS TRUSTEE
By: _____
   Its: _____Exec. Vice President___

ATTEST: _____
        Assistant Trust Officer



SAUL5    04/30/90              -3-



SUBJECT TO THE RIDER HERETO AND MADE A PART

It is expressly understood and agreed by and between the parties hereto, anything herein to the contrary notwithstanding, that each and all of the warranties, indemnities, representations, covenants, undertakings and agreements herein made on the part of the Trustee while in form purporting to be the warranties, indemnities, representations, covenants, undertakings and agreements of said Trustee are nevertheless each and every one of them, made and intended not as personal warranties, indemnities, representations, covenants, undertakings and agreements by the Trustee or for the purpose or with the intention of binding said Trustee personally but are made and intended for the purpose of binding only that portion of the trust property specifically described herein, and this instrument is executed and delivered by said Trustee not in its own right, but solely in the exercise of the powers conferred upon it as such Trustee; and that no personal liability or personal responsibility is assumed by nor shall at any time be asserted or enforceable against the First National Bank of Northbrook or any of the beneficiaries under said Trust Agreement, on account of this instrument or on account of any warranty, indemnity, representation, covenant, undertaking or agreement of the said Trustee in this instrument contained, either expressed or implied, all such personal liability, if any, being expressly waived and released.

THE EXCULPATORY PROVISIONS ATTACHED MADE A PART HEREOF,

90292168

9 0 2 9 2 1 6 9

STATE OF ILLINOIS    )
                     )  · SS.
COUNTY OF C O O K    )

I, _Jon D Malarkey_____, a Notary Public in and
for said County, in the State aforesaid, DO HEREBY CERTIFY,
that THOMAS P. GOHAGAN and VIRGINIA GOHAGAN, who are person-
ally known to me to be the same persons whose names are
subscribed to the foregoing instrument, appeared before me
this day in person and acknowledged that they signed and
delivered the said instrument as their own free and volun-
tary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this 7th
day of _June_, 1990.

                                   _____
                                        Notary Public

My Commission Expires:

_7/6/91_____

OFFICIAL SEAL
JOHN D. MALARKEY
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-6-91

SAUL5    04/30/90        -4-

Cook
Illinois

I, _____ Kathleen M. Karlson a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that _____ Carol J. Humphrey _____ Exec. Vice President of FIRST NATIONAL BANK OF NORTHBROOK, and _____ Diane E. Brockhoff _____ Assistant Trust Officer thereof, personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such Exec. Vice President and Assistant Trust Officer respectively, appeared before me this day in person and acknowledged that they signed and delivered said instrument as their own free and voluntary act, and as the free and voluntary act of said Bank, as Trustee as aforesaid, for the uses and purposes therein set forth;  and said Assistant Trust Officer did also then and there acknowledge that she as custodian of the corporate seal of said Bank did affix said corporate seal of said Bank to said instrument as her own free and voluntary act, and as the free and voluntary act of said Bank, as Trustee as aforesaid, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this __11__ day of __May__ A.D.19__90__.

_Kathleen M. Karlson_
NOTARY PUBLIC

```
* OFFICIAL   SEAL *
KATHLEEN M. KARLSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/30/92
```

9 0 2 9 2 1 6 8

EXHIBIT A

GOHAGAN PROPERTY

Lot 8 in Block 2 (except the south 8 feet thereof taken for
alley) in Potter Palmer's Lake Shore Drive Addition to
Chicago, in the south Fractional Quarter of Section 3,
Township 39 North, Range 14 East of the Third Principal
Meridian in Cook County, Illinois

Permanent Index Number:   17-03-204-026

Street Address:            103 East Bellevue Place
                           Chicago, Illinois

SAUL5   04/30/90            -6-

9 0 2 9 2 1 6 8

## EXHIBIT B

### SAUL PROPERTY

Lot 18 in Briesack's Subdivision of the North half of
Block 7 in the subdivision by the Commissioners of the
Illinois and Michigan Canal of the south Fractional Half of
Section 3, Township 39 North, Range 14 East of the Third
Principal Meridian (except the South 5 feet thereof taken
for alley) in Cook County, Illinois

Permanent Index Number:   17-03-204-025

Street Address:              101 East Bellevue Place
                             Chicago, Illinois

SAUL5    04/30/90              -7-

90 2 9 2 1 6 8

**EXHIBIT C**

**SETTLEMENT AGREEMENT**

90292168

SAUL5    04/30/90              -8-

9 0 2 9 2 1 6 8

## SETTLEMENT AGREEMENT

WHEREAS, on April 4, 1990, Thomas P. and Virginia A. Gohagan, (the "Gohagans") filed an action against Richard and Yolanda Saul, (the "Sauls") in the Circuit Court of Cook County, Gohagan, et al. v. Saul, et al., No. 90 CH 3280 (the "Action");

WHEREAS, on April 11, 1990, the Sauls filed an answer, affirmative defenses and a counterclaim for damages in the Action;

WHEREAS, the subject matter of the Action is the construction of an addition on the Saul's property at 101 East Bellevue, Chicago, Illinois (the "Addition");

WHEREAS, the parties desire to settle and compromise all matters presently in controversy between them, including all matters that were or could have been brought in the Action, without any admission or acknowledgement of any wrongdoing or liability;

NOW THEREFORE, the Gohagans and Sauls agree as follows:

1.   The Gohagans shall not object in any forum to the Sauls construction of the Addition to their property at 101 East Bellevue consistent with the drawing attached to this Settlement Agreement as Exhibit A, the terms of which are incorporated herein by reference;

902292168

9 0 2 9 2 1 6 8

2.   Following completion of the Addition, the Gohagans
     at their sole cost and expense shall be allowed to
     paint in a color of their choice and to maintain
     the painting of the easterly exterior side of the
     wall of the Mud Room facing the windows on the
     Gohagan Property to the extent that the wall is
     visible from the Gohagans' windows and to maintain
     and wash the exterior portion of the Gohagans'
     windows;

3.   The Sauls shall pay the Gohagans the sum of
     $4,000.00 (Four Thousand Dollars) contemporaneously
     with the execution of this Settlement Agreement;

4.   The Gohagans shall grant to the Sauls an easement
     substantially in the form attached as Exhibit B,
     the terms of which are incorporated herein by
     reference;

5.   The parties to this Agreement, by their attorneys,
     will execute a stipulation to dismiss the Action
     with prejudice;

6.   The Gohagans will not contest or oppose in any
     forum the construction of the Addition except to
     the extent, if any, that such construction
     materially deviates from certain plans produced to
     the Gohagans in the Action, labeled A1, A2, A3, A4,
     A5, A6, A7, S1, M1, M2, E1, E2, P1 and P2, as
     amended by Exhibit A to this Agreement;

-2-

9 0 2 9 2 1 6 8

7.  This Agreement shall take effect upon the signing
    hereof by John T. Malarkey, a duly authorized
    attorney for the Gohagans, and by William A. Von
    Hoene, Jr. of Jenner & Block, a duly authorized
    attorney for the Sauls.

                    THOMAS P. GOHAGAN and
                    VIRGINIA A. GOHAGAN


            By:_____
                    John T. Malarkey


            RICHARD SAUL and
            YOLANDA SAUL


            By:  _William A. Von Hoene, Jr._
                    William A. Von Hoene, Jr.


SNR00406.SET

-3-



9 0 2 9 2 1 6 3

DECK

AREA WAY TO ALLOW
(3) OUTSWINGING
AWNING WINDOWS TO
OPERATE. WALL SUR-
FACES WITHIN AREA-
WAY MAY BE PAINTED
BY THE GORDONS.

FACE OR THREE STORY
STRUCTURES

STEP TO ALLOW WINDOWS TO OPEN.

BUILT IN PLANTER
STRUCTURE NO CLOSER
THAN 6'-0" FROM EAST
PROPERTY LINE, TYP'L.
PLANTER NOT TO EXCEED
18" IN HEIGHT

6'-0"

PLANTER

ONE STORY GARAGE
WITH MUDROOM CONNECTION

PARAPET/ROOF CURB

90292168

30.45'

PROPERTY LINE

PROPERTY LINE

REAR YARD IMPROVEMENTS @ 101 E. BELLEVUE, CHICAGO

DANIEL WHEELER ARCHITECTS, INC.     11 APRIL 90

NORTH

1/8"=1'-0"

EXHIBIT A

9 0 2 9 2 1 6 8

EXHIBIT B TO SETTLEMENT AGREEMENT

Intentionally Omitted For Recording